IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KEITH A. WOODS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 3:08-CV-1670-D |
| § | |
| **UNITED STATES GOVERNMENT** § | |
| § | |
| **Defendant.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Order of Reference*, filed September 24, 2009, Plaintiff's *Motion for Summary Judgment* (doc. 23) ("Mot."), filed September 21, 2009, was referred to this Court for hearing, if necessary, and for recommendation. Based on the relevant filings, evidence, and applicable law, the Court recommends that the motion for summary judgment be **DENIED**.

**I. BACKGROUND**

Plaintiff Keith A. Woods sues the United States Government ("Government") under 28 U.S.C. § 2671, *et seq.*, the Federal Tort Claims Act ("FTCA") for medical malpractice at the Veteran Affairs Hospital in Dallas, Texas ("VA"). Plaintiff claims that Dr. Khurana, an employee of the VA, committed medical practice by prescribing him Zocor, a medication used to treat high cholesterol despite knowledge that Plaintiff had type 2 diabetes and had tested positive for porphyria cutanea, a liver disease. Plaintiff claims that the Zocor interacted with his pre-existing liver disease to cause Hepatitis C, and that it interacted with his diabetes to cause muscle and joint deterioration as well as bleeding. He asserts that Dr. Khurana failed to educate him on the side effects of Zocor and failed to monitor him after prescribing the medication.

Plaintiff moved for summary judgment on September 21, 2009. The Government filed a

response, Plaintiff filed no reply, and the motion is now ripe for consideration.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists.  Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.  To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor.  *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id*. at 255 (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

### III.  ANALYSIS

Plaintiff moves for summary judgment on his medical malpractice claim on the grounds that the evidence he produces[1] establishes each element of his claim.  (*See* Mot.).

"The FTCA authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission took place." *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (citing 28 U.S.C. §§ 1346(b)(1), 2674). Because the alleged medical malpractice took place in Texas, Texas law controls Plaintiff's allegations of medical malpractice against the Government.  28 U.S.C. § 1346(b)(1).

Under Texas law, a plaintiff in a medical malpractice action "bears the burden of proving (1) the physician's duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation." *Hannah*, 523 F.3d at 601. The plaintiff must establish the standard of care as a threshold issue before the fact-finder may consider whether the defendant breached that standard. *Id.* Unless the mode or form of treatment is a matter of common

---

[1] Plaintiff attached unverified medical records, medical articles, and information related to Zocor's side effects to his motion for summary judgment.  Defendant did not object to the evidence.

3

knowledge or is within the experience of the layman, expert testimony is required to prove the applicable standard of care as well as its breach. *See id.* at 601-02; *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). Expert testimony is also required to show that the breach proximately caused the harm suffered. *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005). In short, subject to the narrow exception discussed above, a plaintiff must produce expert testimony to meet his burden of proof on a medical malpractice claim. *Hannah*, 523 F.3d at 601.

Defendant argues that Plaintiff's motion for summary judgment must be denied because he failed introduce expert testimony to establish his claim. (Def. Resp. at 3.) Plaintiff contends that Dr. Khurana breached the standard of care when he treated him with Zocor in the face of undeniable evidence that he suffered from liver disease and diabetes. He asserts that this treatment caused hepatitis C, muscle and joint breakdown, and bleeding. Whether a doctor should treat a patient suffering from pre-existing liver disease and diabetes with Zocor is neither a matter of common knowledge, nor something that falls within the experience of a layman. Plaintiff therefore needs expert testimony to carry his burden of proof on each of the elements of his medical malpractice claim. Since he did not produce such testimony, he failed to establish all the elements of his medical malpractice claim for purposes of this motion, and summary judgment should be denied. *Celotex*, 477 U.S. at 324-25.

### IV. CONCLUSION

Plaintiff's motion for summary judgment should be **DENIED**.

**SO RECOMMENDED**, on this 9th day of November, 2009.

/s/ Irma Carrillo Ramirez
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE