IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEITH A. WOODS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-1670-D |
| | § | |
| **UNITED STATES GOVERNMENT** | § | |
| | § | |
| **Defendant.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's orders of reference, before the Court are Plaintiff's *Motion Not to Use Expert Testimony* (doc. 32), filed December 9, 2009, and *Defendant's Motion for Summary Judgment* (doc. 34), filed December 11, 2009. Based on the relevant filings, evidence, and applicable law, Plaintiff's motion to proceed without expert testimony should be **DENIED,** and Defendant's motion for summary judgment should be **GRANTED**.

### I. BACKGROUND

On September 22, 2008, Plaintiff Keith A. Woods filed suit against the United States Government ("Government") under 28 U.S.C. § 2671, *et seq.*, the Federal Tort Claims Act ("FTCA") for medical malpractice at the Veteran Affairs Hospital in Dallas, Texas ("VA"). Plaintiff claimed that a VA doctor prescribed him Zocor despite information available to him that Plaintiff suffered from type 2 diabetes and porphyria cutanea, a liver disease resulting from his exposure to "agent orange" during the Vietnam war. Plaintiff also claimed that the Zocor interacted with his liver disease to cause Hepatitis C and with his diabetes to cause muscle, joint deterioration and bleeding. He alleged that the VA doctor failed to educate him about the side effects of Zocor and

failed to monitor him after prescribing it.[1]

On September 21, 2009, Plaintiff moved for summary judgment on the grounds that he had produced documentary evidence to establish his medical malpractice claim. (*See* doc. 23). On September 29, 2009, the District Court entered a scheduling order requiring the parties to designate their expert witnesses no later than December 1, 2009. (*See* doc. 26). On November 24, 2009, the District Court denied Plaintiff's motion for summary judgment on grounds that expert testimony was required to meet his burden of proof on his medical malpractice claim. (*See* docs. 29, 31). On December 9, 2009, Plaintiff moved to proceed without expert testimony, claiming that the information the court would get from an expert had been documented for a number of years. (doc. 32). On December 11, 2009, Defendant moved for summary judgment on the grounds that Plaintiff had failed to produce expert testimony to establish his medical malpractice claim. (*See* doc. 34).

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, must demonstrate that no

---

[1] The background information contained in this paragraph is uncontested and is derived from Plaintiff's complaint (doc.1) and his motion for summary judgment (doc. 23).

genuine issue of material fact exists.  Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.  To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor.  *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id*. at 255 (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.  "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim."  *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

### III.  ANALYSIS

Plaintiff seeks leave to proceed with his medical malpractice claim without expert testimony. Defendant moves for summary judgment on the grounds that Plaintiff cannot establish his medical malpractice claim without expert testimony.

"The FTCA authorizes civil actions for damages against the United States for personal injury

or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission took place." *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (citing 28 U.S.C. §§ 1346(b)(1), 2674). Because the alleged medical malpractice took place in Texas, Texas law controls Plaintiff's allegations of medical malpractice against the Government. 28 U.S.C. § 1346(b)(1).

"Under Texas law, in a medical malpractice action, the plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation." *Hannah*, 523 F.3d at 601. "Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony [is] required to meet the Plaintiff's burden of proof." *See id.* In other words, subject to the narrow exception discussed above, a plaintiff must produce expert testimony to prove the applicable standard of care, a breach of that standard, and a causal connection between the breach and the harm suffered in medical malpractice cases. *See id.* at 601-02 (standard of care and breach); *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005) (breach and causation).

Plaintiff alleges that the VA doctor committed medical malpractice by prescribing him Zocor despite his pre-existing liver disease and diabetes. Since the conditions under which a doctor should prescribe Zocor is neither a matter of common knowledge nor within the general experience of a layman, Plaintiff must produce expert testimony to establish the applicable standard of care and to show that the treatment he received breached that standard. *See Hannah*, 523 F.3d at 601-02. Despite the denial of his summary judgment motion for lack of expert testimony, Plaintiff neither timely designated nor requested an extension of time to designate an expert witness.

By pointing out the need for, and lack of, expert testimony in this case, Defendant has met its summary judgment burden. *See Celotex*, 477 U.S. at 325. Because expert testimony is required,

Plaintiff cannot meet his burden in its absence, and Defendant is entitled to summary judgment. *See Hannah*, 523 F.3d at 602 (summary judgment is proper where a medical malpractice claim needs expert testimony and the plaintiff does not designate or hire an expert); *Hess v. United States*, 2009 WL 1402331 at *4 (N.D. Tex, May 18, 2009) (a medical malpractice plaintiff who needs but fails to provide expert testimony on the standard of care cannot create a material fact issue).

### IV.  CONCLUSION

Plaintiff's *Motion Not to Use Expert Testimony* should be **DENIED,** and *Defendant's Motion for Summary Judgment* should be **GRANTED**.

**SO RECOMMENDED** on this 4th day of February, 2010.

*(signed)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*(signed)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE